## Reimbursement for Sewer Construction

JOSEPH S. COHEN, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, May 29, 1958. —We are in receipt of your request for an interpretation of Act No. 77-A, approved July 15, 1957.[1] Speci-

[1] Section 1 of the act appropriates the sum of $3,200,000, or as much thereof as is necessary, to the Department of Health for payments to municipalities and municipality authorities toward the costs, among other items, of construction of sewage treatment plants by municipalities and municipality authorities expended by such entities for the purpose of controlling stream pollution.

fically, you ask for clarification of the meaning of the language in section 2 thereof, which provides as follows:

"Within the meaning of this act, the word 'construction' shall include, in addition to the construction of new treatment works, pumping stations and intercepting sewers which are an integral part of the treatment facilities (*including those intercepting sewers of municipalities which collect at least fifty per cent of the sewage of the municipality which enters a public sewage system in the municipality and discharge same into the collection system of the municipality which has constructed the main sewage plant*), the altering, improving or adding to of existing treatment works, pumping stations and intercepting sewers which are essential to the sewage treatment plant system." (Italics supplied)

In your request, you state that it is not apparent whether municipalities are eligible for grants from the Department of Health for the construction of intercepting sewers where such sewers discharge into the collection system and treatment works of a joint authority comprising several municipalities. The answer to your request involves an interpretation of section 2 of the act.

Initially, it should be said that Act No. 77-A is an appropriation act implementing the Act of August 20, 1953, P. L. 1217, 35 PS §§701 to 703, Pkt. Pts. The 1953 Act, in turn, is designed to allow the Department of Health of the Commonwealth to make grants not to exceed two percent of the costs for acquisition and construction of sewage treatment plants by municipalities and municipality authorities for the purpose of controlling stream polution. This act is designed to enable municipalities and municipality authorities more effectively to carry out the pro-

visions of the Act of June 22, 1937, P. L. 1987, as amended, 35 PS §§691.1 to 691.801, commonly known as The Clear Streams Act of 1937.

Since Act No. 77-A is designed to implement the Act of 1953, supra, and the Act of 1937, supra, its provisions should be interpreted as far as possible to implement the purposes of the other acts.

Your question, herein referred to, relating to discharge into the sewage treatment plants and collection systems of joint authorities, is predicated on the assumption that the words occurring in section 2 limit payment to those municipalities which discharge more than fifty percent of their sewage into collection systems of those municipalities which have constructed the main sewage plant. However, the entire phrase occurring between the parentheses in section 2 of the Act of 1957 is merely a further definition of the term "intercepting sewers which are an integral part of the treatment facilities" to provide for a specific set of circumstances. Thus where municipalities discharge into the sewage treatment and collection system of joint authorities,[2] the parenthetical phrase in section 2 of Act No. 77-A is not applicable. The only matter to be decided in such a case with reference to intercepting sewers is whether such sewers are an integral part of the treatment facilities. If such intercepting sewers are an integral part of the treatment facilities of the joint authority, then municipalities which have incurred the costs of construction of such interceptors are entitled to grants under the act.

Under the provisions of Act No. 77-A, payments are made to either municipalities or municipality authori-

---

[2] A joint authority is a municipality authority both within the meaning of the Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §§301 to 322, and under section 101 of article VIII of the Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 PS §601.

ties,[3] whichever incurs the costs of constructing the intercepting sewers. Since only those entities which incur the costs of construction of interceptors may receive payment from your Department, there is no danger that both a municipality and a joint authority will be reimbursed for the costs of construction of such intercepting sewers.

The question of whether a distinction should exist, for the purposes of this opinion, between a member municipality of a joint authority and a nonmember municipality must be answered in the negative. The only pertinent inquiry is whether, given the fact that an intercepting sewer is an integral part of a sewage treatment works, the municipality has incurred the costs of constructing such interceptor.

We are of the opinion, and you are accordingly advised, that municipalities and municipality authorities may receive payment under the provisions of Act No. 77-A for the construction of intercepting sewers which are an integral part of the treatment facilities, and that such payment is to be made only to the entity which incurs the costs of constructing such interceptors. We are also of the opinion that the parenthetical language occurring in section 2 of the act is not applicable to the situation where a municipality discharges sewage into the treatment facilities of a joint authority, and that in such case the language between the parentheses is to be disregarded. Furthermore, for the purposes of this opinion, no distinction may be made between member municipalities of a joint authority and nonmembers, if the other criteria of the act are met.

---

[3] Since Act No. 77-A distinguishes between municipalities and municipality authorities in section 1 thereof, the term "municipality" does not include "municipality authority" when used in the act.